NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2025 IL App (4th) 241585-U

NO. 4-24-1585

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
April 1, 2025
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| *In re* D.T., a Minor | ) | Appeal from the |
| | ) | Circuit Court of |
| (The People of the State of Illinois, | ) | Tazewell County |
|     Petitioner-Appellee, | ) | No. 22JA88 |
|     v. | ) | |
| Judith P., a/k/a Judith G., | ) | Honorable |
|     Respondent-Appellant). | ) | Timothy J. Cusack |
| | ) | Judge Presiding. |

JUSTICE KNECHT delivered the judgment of the court.
Justices Zenoff and Vancil concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The appellate court affirmed, concluding the trial court's best-interest finding was not against the manifest weight of the evidence.

¶ 2    Respondent mother, Judith P., a/k/a Judith G., appeals the trial court's judgment terminating her parental rights to her daughter, D.T. (born February 2015). On appeal, respondent argues the court's finding it was in the minor's best interest to terminate her parental rights is against the manifest weight of the evidence. For the reasons that follow, we disagree and affirm.

¶ 3                        I. BACKGROUND

¶ 4    The parental rights of the minor's father were also terminated during the proceedings below. He is not, however, a party to this appeal. The following is gleaned from the record presented as it relates to respondent.

¶ 5                 A. Neglect and Wardship

¶ 6    In May 2022, the State filed a petition for adjudication of wardship, alleging the

minor was neglected in that she was subject to an environment injurious to her welfare pursuant to section 2-3(1)(b) of the Juvenile Court Act of 1987 (705 ILCS 405/2-3(1)(b) (West 2022)). In support of the allegation, the State cited the minor's exposure to her parents' substance abuse and domestic violence. That same month, the minor was placed in the temporary custody of the Illinois Department of Children and Family Services (DCFS).

¶ 7        In August 2022, the trial court adjudicated the minor neglected and made her a ward of the court. The court further found respondent and the minor's father were unfit to care for the minor and placed custody and guardianship of the minor with DCFS. The court ordered respondent to cooperate with recommended services.

¶ 8                    B. Petition to Terminate Parental Rights

¶ 9        In April 2024, the State filed a petition to terminate respondent's parental rights to the minor. In the petition, the State alleged respondent was an unfit parent in that she failed to make reasonable progress toward the return of the minor to her care during a nine-month period following the minor's adjudication of neglect, namely June 15, 2023, through March 15, 2024 (750 ILCS 50/1(D)(m)(ii) (West 2022)).

¶ 10              C. Hearing on the Petition to Terminate Parental Rights

¶ 11        In November 2024, the trial court held a hearing on the State's petition to terminate respondent's parental rights to the minor. Respondent stipulated to the allegation of unfitness, and the State made a proffer in support. Based upon the stipulation and proffer, the court found respondent was an unfit parent as alleged in the State's petition. The court then proceeded to the best-interest portion of the hearing. The court received a best-interest report and heard from the minor's caseworker, respondent, and a guardian *ad litem*.

¶ 12        The minor, who was nine years old at the time of the hearing, had been in DCFS

care for over two and a half years. She had recently been moved to a new placement. The minor was in her prior placement for approximately two years. That placement, however, was unable to provide her with permanency, causing DCFS to search for a new placement. In her new placement, the minor's needs were met. She engaged in monthly counseling and took required medications for a seizure diagnosis. She had developed a bond with her foster parents, and they were willing and able to provide her with permanency. The minor's foster parents from her prior placement continued to be involved after the minor's transition to her new placement. When visits between respondent and the minor were ongoing, the minor would often display disruptive behaviors leading up to and following the visits.

¶ 13       Respondent, who loves and cares for the minor, desired the minor to be returned to her care. Respondent resided with her spouse at his parents' house. Respondent had not complied with all the recommended services, which included a substance-abuse assessment and recommended treatment, a parenting class, counseling, and a domestic-violence class. The only service completed by respondent was the parenting class. Respondent maintained she was in the process of complying with the recommended services. Respondent had failed to consistently attend visits with the minor, which resulted in the visits being suspended. Respondent was not aware of the names of the minor's teachers, doctors, or medications.

¶ 14       After considering the evidence and arguments presented, as well as the statutory best-interest factors, the trial court found it would be in the minor's best interest to terminate respondent's parental rights. The court specifically, in its oral pronouncement of its decision, stated the following with respect to respondent:

"The best interest summary basically summarizes it very well that the parents have done some things. Mom completed a parenting class. She was engaged

in counseling but she was inconsistent with the counseling. She didn't complete a substance abuse assessment or the makeups. She hasn't completed to date domestic violence victim counseling being referred multiple times, been inconsistent in successfully completing drug referral and maintaining a substance free lifestyle, and been intermittent in coming to parent/child visits despite being warned from the Court what that might entail.

    \*\*\*

It also indicates on there that [respondent] [is] bonded to [her] daughter and \*\*\* care[s] for and love[s] her, and I don't doubt that at all. The problem is though while you \*\*\* may love her and may be bonded with her, you're not doing and you haven't been doing for quite some time the things that you need to do to be an actual parent to her.

I'm finding that based upon the evidence here today that there has been, through other caregivers, [the minor] has been able to find people that can protect her physical safety and her welfare. They can help her with her identity. They can help her have a sense of attachment including a place where she feels loved and valued, secure, and at this point in time with the new placement the least disruptive placement.

She needs permanence. This case has been here for way too long and it's not moving in any direction that's beneficial for [the minor] unless I terminate your rights today, and that's why I'm doing it."

Thereafter, the court entered a written order terminating respondent's parental rights to the minor.

¶ 15       This appeal followed.

¶ 16                                    II. ANALYSIS

¶ 17        On appeal, respondent argues the trial court's finding it was in the minor's best interest to terminate her parental rights is against the manifest weight of the evidence. The State disagrees.

¶ 18        In a proceeding to terminate parental rights, the State must prove termination is in the child's best interest by a preponderance of the evidence. *In re D.T.*, 212 Ill. 2d 347, 367 (2004). A trial court's best-interest finding will not be disturbed on appeal unless it is against the manifest weight of the evidence. *In re Anaya J.G.*, 403 Ill. App. 3d 875, 883 (2010). A finding is against the manifest weight of the evidence only where the opposite conclusion is clearly apparent. *Id.*

¶ 19        When considering whether termination of parental rights would be in a child's best interest, the trial court must consider several statutory factors within the context of the child's age and developmental needs. See 705 ILCS 405/1-3(4.05) (West 2022). The focus is on the child, and the parent's interest in maintaining the parent-child relationship must yield to the child's interest in a stable, loving home life. *D.T.*, 212 Ill. 2d at 364.

¶ 20        In this case, the minor, who was nine years old at the time of the hearing on the petition to terminate parental rights, had been in DCFS care for over two and a half years. She had recently been moved to a new placement. In her new placement, the minor's needs were met, and she had developed a bond with her foster parents. Her foster parents were willing and able to provide her with permanency. Conversely, respondent had failed to consistently attend visits with the minor and had not complied with the recommended services to be able to adequately care for her. Given these facts and the statutory best-interest factors, we cannot say it is clear the trial court should have reached the opposite conclusion with respect to its best-interest finding. That is, we find the court's best-interest finding is not against the manifest weight of the evidence.

## III. CONCLUSION

For the reasons stated, we affirm the trial court's judgment.

Affirmed.